**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**

_____

CYNTHIA ANN KROLL,

            Plaintiff,

        v.                               13-CV-0816-A
                                            **DECISION AND ORDER**

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

            Defendant.

_____

Plaintiff's counsel, Ida M. Comerford, has filed a motion for approval of his fee pursuant to 42 U.S.C. § 406(b). Before approving counsel's fee, the Court must perform an "independent check[]" of the request. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Upon such review, the Court may approve a "reasonable fee." 42 U.S.C. § 406(b). After its independent check, and for the reasons stated below, the Court finds that counsel's requested fee of $14,119.00 is reasonable in this case.

## BACKGROUND

On August 8, 2013, counsel filed a complaint in this Court pursuant to 42 U.S.C. § 405(g). The complaint sought review of the Commissioner's decision denying Plaintiff's application for Social Security benefits. *See* Docket No. 1. After counsel filed a motion for judgment on the pleadings, the parties stipulated that the case should be remanded to the Commissioner for further administrative proceedings. *See* Docket No. 16. After remand, the parties stipulated that, under the Equal Access to Justice Act (EAJA), counsel was entitled to fees and expenses totaling $5,800.

1

On remand, the Administrative Law Judge issued a decision in favor of the Plaintiff. *See* Docket No. 29-2 ¶ 12. The Commissioner then determined that the Plaintiff was entitled to $56,476.00 in past-due benefits. *Id.* ¶ 13. The Commissioner, however, withheld 25 percent of that amount (totaling $14,119.00) for possible attorney's fees.

After the Commissioner found in favor of the Plaintiff on remand, counsel filed a motion for fees pursuant to 42 U.S.C. § 406(b), which is now before the Court. As contemplated by the Plaintiff's retainer agreement (Docket No. 29-3), counsel's motion seeks 25 percent of the Plaintiff's past-due benefits ($14,119.00) as a fee. In support of his motion, counsel includes his billing records for this case, which indicate that he spent 31.6 hours on his representation of the Plaintiff before the Court. *See* Docket No. 29-2 ¶ 16.

## DISCUSSION

### A. Standard for awarding fees under § 406(b)

The Social Security Act allows an attorney who successfully represents a Social Security claimant "before the court" to petition that court for "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b). The Supreme Court has held that § 406(b) "calls for court review of [contingent-fee] arrangements as an independent check[] to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Towards that end, "Congress has provided" courts with "one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id.* (citing 42 U.S.C. § 406(b)).

"Within the 25 percent boundary," an attorney must show that "the fee sought is reasonable for the services rendered." *Id.* In other words, an attorney's fee is not presumptively recoverable simply because it is equal to or less than 25 percent of the client's recovery. Rather, § 406(b) "requires an affirmative judicial finding that the fee allowed is 'reasonable.'" *Id.* n.17 (internal quotation marks omitted). "[T]he attorney bears the burden of persuasion that the statutory [reasonableness] requirement has been satisfied." *Id.*

The Supreme Court has identified several factors that a court may use to assess the reasonableness of a contingent fee requested under § 406(b). First, a court may consider "the character of the representation and the results the representative achieved." *Id.* at 808. Second, a court may reduce an attorney's requested fee if the court finds that the attorney is responsible for delay in obtaining a judgment. In other words, because the attorney's fee is contingent on his client's recovery of past-due benefits, and because past-due benefits increase the longer a case lingers, a court may appropriately reduce a fee "so that the attorney will not profit" from delay that is attributable to him. *Id.* And third, a court may reduce a fee if the court concludes that the benefits recovered—which drive the size of an attorney's potential fee—"are large in comparison to the amount of time counsel spent on the case." *Id.*

The Supreme Court and the Second Circuit have also identified two factors that act as a check on a court's reduction of an attorney's requested fee under § 406(b).

First, courts must be mindful that "payment for an attorney in a social security case is inevitability uncertain." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). Thus, the Second Circuit has "recognized that contingency risks are necessary factors in

3

determining reasonable fees under § 406(b)." *Id.* (internal quotation marks omitted). In other words, while "contingent fee agreements cannot simply be adopted as *per se* reasonable in all social security cases," courts should recognize that "a contingency agreement is the freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate to secure effective representation, and of an attorney's willingness to take the case despite the risk of nonpayment." *Id.*

Second, "the traditional lodestar method, borrowed from fee-shifting contexts, is not appropriate for evaluating a reasonable fee" under § 406(b). *Id.* Thus, a court may not evaluate the "reasonableness" of the attorney's fee by engaging in "satellite litigation." *Gisbrecht*, 535 U.S. at 808. A court should instead evaluate "the reasonableness of the contingency agreement in the context of the particular case." *Wells*, 907 F.2d at 371.

Combining these principles, a court's task under § 406(b) is, on the one hand, to "give due deference to the intent of the parties," but, on the other hand, to "not blindly approve every fee request made pursuant to a contingent agreement." *Wells*, 907 F.2d at 372. At bottom, a court should consider "whether there has been fraud or overreaching in making the agreement," or "whether the requested amount is so large as to be a windfall to the attorney." *Id.*

### B. Whether counsel's requested fee is "reasonable" under § 406(b)

With these principles in mind, the Court assesses the reasonableness of counsel's requested fee. The Commissioner states that she sees no evidence of fraud or overreaching.[1] Docket No. 31.

---

[1] Fees requested pursuant to § 406(b) come from the attorney's client's recovery. They do not come, as they do under the EAJA, from the public fisc. Thus, unlike a claim for fees under the EAJA, the Commissioner "has no direct financial stake in the answer to the § 406(b) question; instead she plays a part in the fee determination resembling that of a trustee for the claimants." *Gisbrecht*, 535 U.S. at 798 n.6.

4

In assessing the reasonableness of counsel's requested fee, the Court has considered the fact that the Commissioner stipulated to remand—and litigation in this Court ended—after counsel filed a motion for judgment on the pleadings. Thus, counsel did not need to file a reply brief to the Commissioner's motion for judgment on the pleadings, nor did he need to file possible objections to a Report and Recommendation. At the same time, however, the Commissioner's decision to stipulate to remand after counsel filed a motion for judgment on the pleadings demonstrates counsel's obvious skill and knowledge of Social Security law. In other words, the parties' stipulation to remand is indicative of "the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808

The Court has also considered that counsel previously stipulated to an EAJA award of $5,800 for the same work at issue in his § 406(b) motion. This provides the Court with a rough baseline of what a "reasonable" fee might be in this case. Balanced against that fact, however, the Court must consider the Second Circuit's reminder that a contingency agreement, which is the basis for the fee counsel requests in his motion, "is the freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate to secure effective representation, and of an attorney's willingness to take the case despite the risk of nonpayment." *Wells*, 907 F.2d at 371. Thus, in assessing whether counsel's requested fee is reasonable under § 406(b), the Court is very cognizant of the fact that counsel assumes the risk of nonpayment in all of her Social Security matters.

After considering these facts, and giving due deference to the intent of counsel and the Plaintiff, the Court concludes that counsel's requested $14,119.000 fee is "reasonable." 42 U.S.C. § 406(b).

## CONCLUSION

Ida M. Comerford, Esq.'s motion for attorney's fees pursuant to 42 U.S.C. § 406(b) is granted. The Court finds that Mr. Comerford is entitled to recover $14,119.00. Thus, from the amount the Commissioner has withheld from Plaintiff's past-due benefits award, the Commissioner shall release $14,119.00 to Mr. Comerford. Further, Mr. Comerford shall refund his $5,800 EAJA fee to the Plaintiff. *See* Act of Aug. 5, 1985, Pub. L. 99-80, § 3, 99 Stat. 186.

**SO ORDERED.**

Dated: January 17, 2017  *s/Richard J. Arcara*
   Buffalo, New York  HONORABLE RICHARD J. ARCARA
                                            UNITED STATES DISTRICT JUDGE